■ Richard B. Mapes, an Infant, by De Vora I. Mapes, His Guardian ad Litem, Appellant, v. Town of Wales, Respondent.— Judgment and order unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Erie Trial Term for defendant for no cause of action. The order denied plaintiff's motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ The People of the State of New York, Respondent, v. Dolores Ann Goodwin, Appellant.— Judgment of conviction and orders unanimously affirmed. (Appeal from judgment of Erie County Court, convicting defendant of the crime of assault, first degree. The orders denied defendant's motion for a new trial and denied motion in arrest of judgment.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ The People of the State of New York, Respondent, v. Norman Vetter, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Erie County Court convicting defendant of the crime of grand larceny, second degree.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ The People of the State of New York, Respondent, v. Stephen Pelow, Appellant.— Order unanimously affirmed. (Appeal from order of Erie Supreme Court denying defendant's motion to set aside two counts of an indictment charging assault, second degree.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ The People of the State of New York, Respondent, v. John Mosher, Also Known as John Mosier, Appellant.— Judgment of conviction unanimously reversed on the law and facts and a new trial granted. Memorandum: Upon the trial an issue of fact was presented as to whether the alleged larceny occurred in the County of Erie or in the County of Wyoming. The trial court properly refused to pass upon this as a question of law but neglected to present the factual issue to the jury. While there was no specific request to charge upon the subject, we believe that the trial court was sufficiently alerted by appellant's motion so that the question of venue should have been submitted. (Cf. *People* v. *Hetenyi*, 277 App. Div. 310, 315, affd. 301 N. Y. 757; see, also, *People* v. *Hetenyi*, 304 N. Y. 80, 83, 84.) The trial court properly submitted the question as to whether the witness, Lueke, was an accomplice. The instructions, however, were confusing and the jury was not charged, as they should have been, as to the provision of section 399 of the Code of Criminal Procedure. (Appeal from judgment of Erie County Court convicting defendant of the crime of grand larceny, second degree.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ The People of the State of New York, Respondent, v. Donald Edward Smith, Appellant.— Order unanimously affirmed. (Appeal from order of Jefferson County Court denying defendant's motion for writ of error *coram nobis*, after a hearing.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ The People of the State of New York, Respondent, v. James Overby, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Erie County Court convicting defendant of violation of subdivision 1 of section 1751 of the Penal Law.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.